BROWN GAVALAS & FROMM LLP
*Attorneys for Plaintiffs*
ROXFORD ENTERPRISES S.A. and
CANADIAN GLOBAL SEA CARRIERS INC.
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 983-8500

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

ROXFORD ENTERPRISES S.A. and
CANADIAN GLOBAL SEA CARRIERS INC.,

*Plaintiffs*,

- against -

FENDER CARE MARINE LTD,

*Defendant*.

------------------------------------------------------------X

Civil Action No.: 26-6773

IN ADMIRALTY

**ORDER DIRECTING CLERK TO ISSUE**
**PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**
**AND APPOINTING PROCESS SERVER**

On August 7, 2026, Plaintiffs ROXFORD ENTERPRISES S.A. and CANADIAN GLOBAL SEA CARRIERS INC. filed a Verified Complaint in the captioned action seeking security in the amount of up to **U.S. $371,264.00** inclusive of interest, costs and reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and the Declaration of Michael P. Naughton and finds that the conditions of Supplemental Admiralty Rule B appear to exist.

The papers submitted in support of the application demonstrate that Defendant's property may be found in the hands of Bank of America, N.A. ("Bank of America" or

"Garnishee") in New York, New York.

**ACCORDINGLY, IT IS HEREBY**

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendant by Bank of America, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served in an amount of up to **U.S. $371,264.00** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiffs shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that Michael P. Naughton or any other partner, associate, counsel, paralegal or agent of Brown Gavalas & Fromm LLP or any other person appointed by Brown Gavalas & Fromm LLP who is over 18 years of age, is not a party to this action and authorized under New York law, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on Bank of America in New York, New York; and it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees and enforcing the Court's Order may not be issued by the Clerk without further Order of the Court; and it is further,

**ORDERED**, that initial service by the designated process server shall be made personally upon the Garnishee; and it is further,

**ORDERED**, that following initial service as described above, any supplemental service of the Process of Maritime Attachment and Garnishment on the Garnishee shall be made

electronically by way of e-mail to the email address designated by the Garnishee for that purpose; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon the Garnishee; and it is further,

**ORDERED**, that the Garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise Plaintiffs of such details about the attachment as are reasonably available to it. With respect to the attachment of any funds in Defendant's bank accounts, the Garnishee shall, to the extent known, advise counsel for the Plaintiffs of the amount of funds attached; and it is further,

**ORDERED**, that in the event Plaintiffs restrain any assets pursuant to the Attachment Order, within five (5) days of this having occurred Plaintiffs shall inform the Court in writing that they have restrained assets and within thirty (30) days of this having occurred shall inform the Court in writing whether they have arranged with Defendant and/or any third parties to establish a separate escrow account into which to transfer funds in the amount of the attached assets, or obtain mutually acceptable substitute security in the amount of such assets, or pay such funds into the Registry of the Court. If the parties are able to agree to an arrangement, then this case will be dismissed without prejudice, and, upon request by Plaintiffs, the case will be reopened for the purposes of any necessary proceedings to enforce any judgment or arbitration award rendered in connection with a resolution of the merits of the dispute that is the subject of this action; and it is further,

**ORDERED**, that this Order shall automatically expire 90 days from the date of its issuance if no assets or other property has been restrained pursuant to this Order, unless the

Plaintiffs show good cause for an extension of this Order for an additional 60 days. Further 60-day extensions may be granted in the discretion of the Court, but only upon a showing by Plaintiffs of extraordinary circumstances. All applications for extensions shall be made by letter to the Court; and it is further,

**ORDERED**, that upon expiration or vacatur of this Order by reason of the preceding paragraph, this Action may be dismissed without prejudice, without costs, and without further notice to any party. The Plaintiffs are directed to submit a letter to the Court informing it of the automatic expiration of the Order.

Dated: September 16, 2026

**SO ORDERED**:

Jeannette Vargas

JEANNETTE A. VARGAS
U.S. District Judge